■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SPENCER SANDS, Appellant. [734 NYS2d 856] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered September 10, 1998, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, criminal possession of stolen property in the third degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated February 13, 2001, the matter was remitted to the Supreme Court, Kings County, to hear and report on the issue of whether the defendant was present during the trial court's questioning of a prospective juror, and the appeal was held in abeyance in the interim (*see, People v Sands,* 280 AD2d 561). The Supreme Court has filed its report.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record of the reconstruction hearing supports the conclusion that he was present for the on-the-record side-bar questioning of a prospective juror. Accordingly, reversal is not warranted on that ground (*see, People v Ramos,* 256 AD2d 524).

The defendant's contention that the trial court erroneously seated a juror he had peremptorily challenged is without merit. The trial court's determination that the defendant's explanation for the challenge constituted mere pretext is supported by the record (*see, Batson v Kentucky,* 476 US 79; *People v Allen,* 86 NY2d 101, 110; *People v Richie,* 217 AD2d 84).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Santucci, J. P., S. Miller, Florio and Schmidt, JJ., concur.